We're happy to hear argument in our second case, Fleming v. Spencer. Mr. Peters? Good morning, and may it please the Court. Good morning. So I want to first briefly note the unusual procedural history of this case. So the ground for the decision below was that the CRSA implicitly precludes all avenues of relief for a constitutional claim simply by its structure without any clear statement in the text. That clearly is in violation of Webster v. Doe binding Supreme Court precedent, which says that a statute requires a clear statement of intent to preclude any judicial review of constitutional claims. It's clear that the Court did not consider Webster properly and that its decision cannot be squared with Webster. So I think that the government — Excuse me. Yes, go ahead. Does Professor Fleming have brought his constitutional claim to the Office of Special Counsel? So that is a claim that has been presented for the first time on appeal. The claim that based on — Usually the defendant doesn't have an obligation to tell the plaintiff his various venues for pursuing his claim. Sure, but there's a fundamental limitation of appellate review, which is that the argument has to be presented to the district court. That is so wrong. We can affirm for any basis that it's there. Sure. Not whether it's presented to the district court or not. Sure. So turning to the exhaustion, so there are now two new arguments that have been presented in support of affirmance. The first one is the exhaustion ground, which is that there's exhaustion of administrative remedies. Professor Fleming could have brought this to the Office of Special Counsel. The problem with this is that this is not a limitation on subject matter jurisdiction. This is an affirmative defense that must be pleaded in the answer and proved, and it's subject to the doctrines of latches, waivers, equitable tolling. What case law do you have that supports that proposition? Sure. That's Poitras v. Peters, 340 Federal Appendix 858. We usually, generally, we only follow published opinions. Sure. Supreme Court, Fourth Circuit. There's Ace Property and Casualty Insurance v. Federal Crop Insurance Company. This is a published 440 Federal Third 992. That's the Eighth Circuit, 2006. And that decision has been cited in a published decision of the Fourth Circuit in addition to Poitras. There are other decisions that cite it within the Fourth Circuit. And there's nothing, there's no case law that, to my knowledge, that holds that without a clear statement that exhaustion is a bar, is a complete bar to suit. There has to be clear language within the statute that says that administrative exhaustion goes to the jurisdiction. This is a judge-made common law. If the court were to find that there is a requirement to go to the OSC, this would be a common law. Only if you want to raise this constitutional argument. There's no requirement if you don't raise it, but you're claiming that you didn't have an ability to raise it. And they say, the government says, oh, yes, you could have gone to the Office of Special Counsel. And you're saying to me now that there's case law that they had to tell you in the court below that you should go make your argument somewhere else. That's what these cases hold, right? No. What these cases hold, however, is that the exhaustion of administrative remedies does not go to the court's jurisdiction to hear the case. It's an affirmative defense that must be pleaded by the defendant. And it's subject to estoppel, tolling, waiver, lashes, all of the familiar doctrines. It's not a matter that completely cuts off at the legs the jurisdiction of the court to hear the matter in the first place. So we would say that this should proceed in the normal course. An affirmance on the basis that the court lacks subject matter jurisdiction would be improper because whatever exhaustion requirement there is goes to the merits of the case. Whether we have a cause of action, it has to be raised in the answer. And then we can determine, and there is a factual issue here which was not passed upon by the court below, which is whether he raised a First Amendment issue in the OSC complaint. He said explicitly in the OSC complaint that a letter of reprimand was intended to silence him. So there is a basis for finding factually that it was presented to the Office of Special Counsel. He grieved it to the Office of Special Counsel. Now, he tried to characterize it as a whistleblower claim because he wanted to secure his ability to get to the Merit Systems Protection Board. And it seems to me that he was taking a procedural posture to try to ensure that he could go up the chain rather than rely on the discretion of the OSC. And it seems to me that why didn't he just take his chances and lose by failing to present the other claim to OSC, the constitutional claim? So the issue of what he was saying, I mean, this is what he did. I think he was being cute, frankly. He was characterizing something that plainly wasn't a whistleblower complaint and did so in order to proceed up to the Merit Systems Protection Board having a right to proceed rather than relying on the discretion of the OSC to further his cause. So why should he be rewarded at this point in time for essentially playing fast and loose with the procedures? So this is an extraordinary situation where Professor Fleming has now three times been censured by the dean or by some instrumentality of the Naval Academy for speaking out on matters of public affairs. The first two times it was because he wrote editorials that criticized the admission policy of the Naval Academy. The second time he went to the OSC and they did find that it violated his rights. So then they did it a third time by giving him a command investigation, which is an extraordinary procedure which is usually reserved for troops in the field. And the message was, we're going to court-martial you if you keep doing this. And so they issued him a letter of reprimand for like a third time for speaking out against the sexual assault prevention program. So the issue always was, can Professor Fleming speak in class? Can he write editorials? Can he talk to his students about matters of public affairs? So that is the spirit with which his OSC complaint, which he filed himself, was filed. This is an attempt, this is part of a repeated attempt to censor me by the Naval Academy. He filed it on his own. He's not a lawyer. This is an incredibly Byzantine scheme, administrative scheme, where you have to read like two or three different statutes and then read a bunch of cases to get to the conclusion that you can even bring a constitutional claim to the OSC. The OSC is usually for whistleblower claims. The idea that you can go to the OSC and have the OSC adjudicate your constitutional claim is somewhat obscure. And I think that there is a factual basis for finding that this issue was raised to the Office of Special Counsel. Excuse me. I'm sorry to interrupt you. It sounds like you're arguing, well, he made a mistake. He should have raised all his claims, but he's a layperson, so we should excuse him. Because this is a complicated system. Well, I'm presenting that that is an argument that we would, that the district court should pass upon. After the procedurally proper way to go about this is for this to be pleaded as an affirmative defense in the answer, for the government to answer and say affirmative defense, Professor Fleming failed to exhaust his administrative remedies. Why is the basis for the claim in the wrong you say was done to you a defense? Well, exhaustion of administrative remedies is a general matter where it's not, where there's no statute saying you can't go to court unless you exhaust your administrative remedies, which there isn't here, is general, that's generally how it's handled. I mean, it's, you know, it might be. Well, the way it's generally handled is you file all your claims at one time. All the basis, all the wrongs that were done to you, you articulate them from the very beginning. Right. So, again, there are several equitable defenses that you can bring to this affirmative defense, a failure to exhaust administrative remedies, waivers, lashes, stop all of that stuff. We're saying we should have the opportunity to present these arguments in the procedural way that these matters are usually handled. You had an opportunity to present them. Well, we did not because the, first off. Because the government didn't tell you that you had? No, well. Is that what you're saying? No, because the, we, so in hindsight it is 2020, but what we're asking for at this point is that the matter be handled in the way where the district court can pass upon it for the first time. This argument that there's an implicit requirement that you have to exhaust administrative remedies wasn't presented to the district court. We're not saying that the government had to tell us beforehand. That may be an argument that prevails before the district court. What we're saying is that you can't, that's, it's the difference between a dismissal on jurisdiction and a dismissal on the merits is important. The Supreme Court in Arbaugh v. S&H. I think we understand the differences between the two. Sure. Maybe you can explain to me, okay, let's just go right to what you would say is your reason for not making the constitutional claim to the OSC. Well, we said it was intended to silence him. We presented, we grieved the matter to the OSC. We presented the facts in support of the claim. So you're saying now you did bring the constitutional claim to the OSC? Well, we brought, he did say that it was intended to silence him and that this has been a pattern of conduct. Well, then if it's been brought to the OSC, then you've got the relief you need. Either you brought it or you didn't bring it. Did you bring it to the OSC? Well, we didn't bring it with the precision, we might not have brought it with the precision that the government would have liked, but it was there. You brought it to the whistleblower claim, didn't you? Well, the law that, you know, there's a standard form box that you check. I haven't personally filed an OSC complaint. I'm not even sure if there's anything else that you can check the box for, but the substance of the claim was this was intended to silence me. You know, he presented the issues to the Office of Special Counsel. The Office of Special Counsel can interpret it any way it wants. It's a fair interpretation that this was a free speech claim. But they weren't required to be his lawyer, and he said he had a whistleblower claim. So if we should determine that you didn't bring it to the OSC, you're out of luck now, right? Your claim is you did bring this constitutional claim to the OSC. I just want to understand your argument. Our claim is that, our argument is that the district court cannot be affirmed on the ground that the court – I'm not asking you about the district court, because we look at this because we're at first instance. You've been telling us all about the federal rules and procedures, so you know that, okay? So we're looking at it as first instance. And is your argument yes, we brought this constitutional claim to the OSC, or no, we did not? The argument is it has to be yes, we did. Yes, we did. Okay. And if we should determine you didn't, then you're out of luck. And I would say the – I think it's a record site for where you set forth the constitutional claim. Yeah. So when we said it was intended to silence me in the OSC complaint, I also want to say that there was – No, no, no. Did you hear Judge Keenan's question? Great. Yes. And I would note as well that there wasn't any clearly established law within this circuit requiring exhaustion prior – I believe it's JA3 where it says this is an attempt to silence me. JA – JA3. JA10. JA10. Joint Appendix 10. The LOR was intended to silence me. JA10? JA10. Right. And you're saying it says choose one complaint category that applies to your complaint. Reprisal for whistleblowing. Right. Well, what he says within the complaint is, today I was handed a very civilian letter of reprimand to strike two out of three levels of punishment that is intended to silence me for the two years that it is in effect. So he's saying that the letter of reprimand is a restraint on his speech, which is the essence of a First Amendment claim. He doesn't say that, though. He said he was whistleblowing by talking to students, reading the Uniform Code of Military Justice. Right. And that this constituted whistleblowing activity. If I may answer, I think the substance of it is that this was intended to silence me, which is the heart of his First Amendment claim, which is that he was issued a letter of reprimand with the intent to silence him for speaking out on matters of public concern. And it's also what he's asking for with the injunction as well. All right. I guess we understand your argument. We need some rebuttal. May it please the Court, Sidney Foster for the government. Your Honor, I'd like to start by noting that most of the arguments that Plaintiff has just asserted here are arguments that Plaintiff is asserting for the very first time at oral argument, and such arguments are obviously waived under very well-established or forfeited, more precisely under well-established law of this Court. I can certainly talk just a little louder or bring the microphone up to you. Yeah, sure. Is that better? Okay, thank you. Yeah, so, I mean, again, almost all of the arguments that Plaintiff's counsel has just asserted are new arguments that he's asserting for the very first time at oral argument, and it is well-established under this Court's precedent that you cannot bring or raise new arguments at oral argument. And I can provide the Court with citations if that would be helpful, although I think it's a well-established principle, so it may not be necessary. I think that waiver kind of principle applies even if the arguments are such that they could only be made in a reply brief. Plaintiff here chose not to file a reply brief and, therefore, has waived, or rather, more precisely, again, has forfeited any arguments that he's now trying to assert for the first time, including his argument that we have waived or forfeited our exhaustion argument. That's subject itself to forfeiture. You can waive waiver. In addition, Plaintiff's new claim here that he did bring, the First Amendment claim to OSC, Plaintiff has waived that by not only not making that argument previously in this Court, but by conceding in district court that the OSC complaint did not raise a First Amendment claim. So I think this Court need not get into those issues to start with. In addition, I will note that the exhaustion issue is jurisdictional. That's an additional reason that this Court can reach it without deciding whether or not we waived it and matters of that like. I think that's very clear from the Supreme Court's decision in Elgin and this Court's holdings in cases like Yoakum, and it also follows, I think, quite clearly from the fact that if Plaintiff had exhausted his administrative remedies, that would have meant that he would have brought his First Amendment claims to OSC, and it's possible that OSC then could have sought corrective action in the MSPB if that happened and that the decision were adverse to Plaintiff, then any judicial review would have been available only in the Federal Circuit, and that's under 28 U.S.C. 1295A9, which provides that the Federal Circuit has exclusive jurisdiction over challenges to final MSPB decisions. So I think there's no question that the issue here is jurisdictional. I think also just to address the question of whether Plaintiff did, in fact, raise this claim, the First Amendment claim, before the OSC, not only has Plaintiff forfeited that argument by not raising it in this Court and conceding it in District Court, but I think there's plenty of material in the record to support our conclusion that he did not, including, I would also note in addition to the points that your Honors have raised, the fact that OSC itself, which is an independent agency charged with protecting Federal employees from prohibited personnel practices, itself construed his complaint in that regard. And Plaintiff is emphasizing the language in the complaint about, that he noted that these actions by the Naval Academy were taken to silence him, but that's language you would actually expect in a whistleblowing claim, too, because the whistleblowing retaliation statute is also about protecting employees from employers who wish to silence them for making certain types of speech. So I think that adds nothing, particularly when he chose the whistleblowing retaliation category for his complaint and all of his allegations were consistent with a whistleblowing retaliation. Can I ask if you've seen other complaints? What's that? You've seen other complaints? I have not personally, no. Are there other categories that you can choose besides 10, reprisal for whistleblowing? It looks like there might be nine other categories. Yeah, right, exactly. So the online form that you fill out when you submit an OSC complaint isn't in the record, but I have gone to the website to look at it and see how it looks, and there are multiple categories that you can choose. You choose the category that applies. So, for example, in different categories you could choose reprisal for having filed an appeal or a complaint or a grievance. I think there are actually a couple categories that correspond to that, and that would correspond to 2302b9a and so forth. So there are a bunch of other categories. Is there an other? I don't know if there is an other category, but certainly if the plaintiff had wanted to assert his constitutional claim, there was another category that would have been applicable, which corresponds to 2302b12, which is the category that's at issue here. What about 2302b10? Would that have been a possibility for him? I have to look and... I remember when I was reading through those prohibited personnel practices, it seems to me that 10 also perhaps gave him a shot, discriminate for or against any employee on the basis of conduct which does not adversely affect the performance of the employee. Potentially that is another possibility, and to the extent that that is true then I think we would say that he should have exhausted those. I mean, I think the basic message I think that Congress has given us in enacting the CSRA is that federal employees should seek to take advantage of all the administrative and judicial remedies that were provided in the CSRA, and they may not seek extra statutory judicial review in general at all. And then with respect to constitutional claims that aren't necessarily subject to judicial review, which is what we have at issue here, then at the very least they cannot seek extra statutory judicial review until they've exhausted any potentially relevant remedies. Here there was a very direct and potentially relevant remedy, which was his ability to pursue his First Amendment claims before OSC. Potentially there were other remedies under, we noted the remedy under 2302B9, potentially the B10 as well. I think we kind of clearly set out in our briefs our argument as to why it's clear that the CSRA precludes a review of claims that have not been exhausted through the administrative process that Congress set forth in the CSRA. That follows quite clearly I think from the Supreme Court's decisions in Elgin and Fausto that analyze the purposes, structure, and text of the statute. I can go through that if this Court is helpful, but I think that's pretty clearly set out in our brief. And I'd also just note that our position, that there's preclusion of unexhausted claims is consistent with every Court of Appeals, and it is well supported by other Courts of Appeals. And more precisely, there are four other Courts of Appeals that have held that the CSRA precludes judicial review of unexhausted constitutional claims, and we cite those in our brief, but that's the First Circuit, the Ninth Circuit, the Eleventh Circuit, and the D.C. Circuit, and then four other Courts of Appeals, and this Court, in a pre-Webster decision, have gone on to reach the broader question and have held that there is no judicial review of, no access to a statutory judicial review of constitutional claims regardless of whether or not there is exhaustion. We don't think this Court needs to or should address that question, but obviously those holdings support the more limited argument that we are asserting here. If the Court has no further questions, we would rest in our briefs and ask the Court to affirm. Thank you very much. Thank you, Your Honors. I would like to point out in rebuttal that on Joint Appendix 96, the Court found that Professor Fleming, quote, initially pursued his constitutional claim before the Office of Special Counsel on J96. There was a finding below that he did pursue the claim before the Office of Special Counsel. The contention that every Court of Appeals has adopted an exhaustion requirement is not correct. The Third Circuit, as we state in our brief, in Mitcham v. Hurt, in an opinion by Judge Alito, allowed unexhausted First Amendment claims to go forward. And a subsequent district court decision within the Eastern District of Pennsylvania, called Bridges v. Colvin, reaffirmed that and said that within the Third Circuit, there is no requirement of exhaustion of administrative remedies in order to bring a First Amendment claim or a constitutional claim for injunctive relief. So I do think that given the finding below that the- You understand the district court can't make a finding when he is dismissing a case, right? Sure. There is no factual finding being made. Sure. I think it is worthwhile to note that the district court, below on its reconsideration opinion, did find that we pursued the claim of the First Amendment claim before the Office of Special Counsel. And there is precedent for holding that there is not an exhaustion requirement in order to bring a First Amendment claim for injunctive relief, a constitutional claim. The appeals process to the OSC is one- Mr. Peters, did you make any of these arguments that you're making to us in the brief that you filed in this court? You didn't file a reply brief, right? That's correct. We did not. And you are familiar with- you talked a lot about waiver this morning by the government. You're familiar with the body of case law that says we don't discuss arguments that are made, that we don't rule on arguments that are made in oral argument that haven't been briefed? Well, the- so the court- First of all, are you familiar with that? I am not. You've never heard of that before? I'm sure that those doctrines exist. But I would note that we did bring up that the exhaustion requirement, the Third Circuit does not require exhaustion in our brief. And this issue, we did say- we did cite the part of the joint appendix where we said that it was intended to silence him, that the letter of reprimand was intended to silence him. And since it does go to the- our position is that it's not a proper ground for affirmance of the subject matter jurisdiction holding of the court below. And these issues were not- the grounds that were presented to the district court and that were ruled on by the district court and I do- we do feel that the proper course is reversal because there- the finding that the court lacks subject matter jurisdiction, which the court has an independent obligation to address its own jurisdiction, is not tenable. And so for those reasons, we urge a reversal of the district court. You're saying the court has an independent obligation to- Yes. Yes. But- great. Okay. Thank you, Your Honor. Thank you. Thank you. We'll come down and greet the lawyers and then go right to our next case.
judges: Diana Gribbon Motz, William B. Traxler Jr., Barbara Milano Keenan